UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**OSMAN ALTAY AND ALPA TEKELANI,** :
:
        Plaintiffs, :   Civil Action No.
:   06-2330 (JLL)
    v. :
:
**MYRNA B. TAGAYUN, M.D.,** :
:
:
        Defendant. :
_____:

### REPORT AND RECOMMENDATION

This matter has been referred to me by the Honorable Jose L. Linares for an appropriate Report and Recommendation pursuant to Loc. Civ. R. 72.1 (a)(2) and Fed. R. Civ. P. 72(b). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons expressed below, I respectfully recommend that the matter be remanded to the Superior Court of New Jersey.

### BACKGROUND

On May 1, 2006, Plaintiffs Osman Altay and Alpa Tekelani filed a Tenancy Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Passaic County, against Defendant Myrna B. Tagayun, M.D., alleging non-payment of rent for the months of February, March and April 2006, in the amount of $3,000.00, plus

late fees in the amount of $100.00.  Plaintiffs' Tenancy Complaint includes a demand for possession of the premises, located at 1199 Main Avenue, Clifton, New Jersey, together with costs.

On May 22, 2006, Defendant Tagayun, proceeding pro se, filed a Petition for Removal to this Court.  Defendant's removal petition appears to include an answer and counterclaim alleging mail fraud, wire fraud, and violations of the federal Racketeer Influenced Corrupt Organizations (RICO) statute.  Defendant directs these allegations toward Plaintiffs, as well as three additional parties, namely 1199 Main Avenue Associates, Mark Lynn, and Taylan Realty. In her petition, Defendant states that the "United States District Court has original jurisdiction for all statutes of the United States of America, including:  1) 18 U.S.C. 1964 (Civil Remedies)/Racketeer Influence Corrupt Organizations . . . 2) 18 U.S.C. 1962 (Prohibited Activities)/Racketeer Influence Corrupt Organizations . . . 3) 18 U.S.C. 1961 (Definitions: "racketeering activity")/Racketeer Influence Corrupt Organizations . . . 4) 18 U.S.C. 1341: Mail Fraud . . . 5)18 U.S.C. 1343: Wire Fraud."

On June 30, 2006, Plaintiff filed a motion to remand, arguing, inter alia, that the matter should be remanded to the Superior Court of New Jersey on the basis that there is no diversity of citizenship, that the amount in controversy is below the jurisdictional threshold, and that there is no federal question presented.  In her opposition papers, which were filed on July 24,

2006, Defendant admits that there is no diversity of citizenship here and argues that removal of the action was based strictly on federal question grounds in light of the RICO allegations contained in her counterclaim.

## APPLICABLE LAW AND ANALYSIS

Cases originally brought in state court over which a federal court may also have jurisdiction can be removed under 28 U.S.C. § 1441. According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id. 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[1] Furthermore, 28 U.S.C. § 1441(b) provides, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of

---

[1] Pursuant to 28 U.S.C. § 1332, district courts also have original jurisdiction over "diversity" actions, i.e., where the matter is between citizens of different states and the amount in controversy exceeds $75,000. Although Defendant admits in her opposition brief that there is no diversity of citizenship here, it bears noting that there is no basis for removal of this matter on diversity grounds in light of the fact that it appears that at least one Plaintiff, as well as the Defendant, are residents of New Jersey and the amount in controversy is less than $75,000.

3

the United States shall be removable without regard to the citizenship or residence of the parties." Finally, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

As noted in her opposition brief, Defendant Tagayun bases her removal of the instant matter on the federal law (RICO) claims in her answer and counterclaim. Under the well-pleaded complaint rule, however, "removal on the grounds of federal question jurisdiction is proper <u>only when the requisite 'federal question is presented on the face of the plaintiff's properly pleaded complaint.'</u>" <u>PeopleTree Staffing Solutions, Inc. v. People, Inc.</u>, 1:03CV00644, 2004 U.S. Dist. LEXIS 4481, *6 (D.N.C. Feb 27, 2004) (granting motion to remand because defendant's counterclaim implicating federal law did not confer federal jurisdiction) (citing <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987) (emphasis added)). The assertion of an answer and counterclaim implicating federal law does not create jurisdiction in the district court. <u>Nolan v. Otis Elevator Co.</u>, 560 F. Supp. 119, 123 (D.N.J. 1982) ("[N]o jurisdiction is obtained by the filing of a counterclaim even though it states a federal claim."); <u>see also</u> <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002) (holding that counterclaim which appears as part of defendant's

4

answer cannot serve as basis for "arising under" jurisdiction).

Here, even assuming Defendant's answer/counterclaim asserting claims under federal RICO, wire fraud and mail fraud statutes is properly pleaded (which does not appear to be the case), such pleading is insufficient to create jurisdiction in the district court.  See Holmes Group, 535 U.S. at 831; Nolan, 560 F. Supp. at 123.  Moreover, Plaintiff's Tenancy Complaint is clearly grounded in state law and presents no question of federal law whatever.  Accordingly, Defendant improvidently removed this case without jurisdiction.  This matter, therefore, should be remanded to the Superior Court of New Jersey as required by 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, I recommend that this matter be remanded to the Superior Court of New Jersey.

Respectfully submitted,

_s/ Claire C. Cecchi_
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: October 12, 2006**