**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSMAN ALTAY AND ALPA TEKELANI, | Civil Action No.: 06-2330 (JLL) |
| Plaintiffs, | |
| v. | |
| MYRNA B. TAGAYUN, M.D., | OPINION |
| Defendant. | |

**APPEARANCES:**

John H. Kopp, Esq.
452 Clifton Avenue
Clifton, NJ 07011
          (Attorney for Plaintiffs)

Myrna B. Tagayun, M.D.
1199 Main Avenue, Suite 5
Clifton, NJ 07011
          (Defendant, pro se)

**LINARES**, District Judge.

## INTRODUCTION

This matter comes before this Court on Defendant Myrna B. Tagayun's Motion for

Reconsideration of this Court's November 13, 2006 Order adopting Magistrate Judge Cecchi's

October 12, 2006 Report and Recommendation.  The Court has considered the submissions in

support of, and in opposition to this motion.[1]  This matter is resolved without oral argument.

Fed. R. Civ. P. 78.  For the reasons set forth below, Defendant's Motion for Reconsideration is

DENIED.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A detailed factual background of this case is set forth in Magistrate Judge Cecchi's

Report and Recommendation, entered on October 12, 2006, and adopted by this Court in its

November 13, 2006 Order, and will not be repeated here, except where necessary to provide

context for the pending Motion for Reconsideration.

## LEGAL DISCUSSION

### A.      Standard for Reconsideration

Local Civil Rule 7.1(i) provides, in relevant part:

> A motion for reconsideration shall be served and filed within 10
> business days after the entry of the order or judgment on the original

---

[1] It appears that Plaintiffs' Opposition to Defendant's Motion for Reconsideration was untimely filed.  Although it is unclear to the Court as to the specific date upon which Plaintiffs received the hard copy of Defendant's Motion for Reconsideration, the Court's docket indicates that the motion was filed on November 22, 2006, and was entered electronically on November 27, 2006.  As such, Plaintiffs clearly had notice of Defendant's Motion for Reconsideration – at the latest – as of November 27, 2006.  Plaintiffs filed an Opposition to Defendant's Motion on December 13, 2006, which is well over seven business days after November 27, 2006.  See L.Civ.R. 7.1(i) (stating that "any party opposing a motion for reconsideration shall file and serve a brief in opposition within seven business days after service of the moving party's Notice of Motion and Brief.").  Additionally, the Court notes that Defendant did not obtain permission from this Court prior to filing her Reply Brief.  Defendant is advised that pursuant to Local Civil Rule 7.1(i), parties are not permitted to file reply briefs with respect to motions for reconsideration, as a matter of right.  According to the Court's file, there is no record that Defendant sought, or was given, permission to file a reply brief.  Nevertheless, the Court has considered both, Plaintiffs' Opposition and Defendant's Reply Brief, in reaching its decision in the pending Motion for Reconsideration.  Both parties are advised to heed the requirements set forth in Local Civil Rule 7.1(i) in all future filings.

> motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.  Unless the Court directs otherwise, any party opposing a motion for reconsideration shall file and serve a brief in opposition within seven business days after service of the moving party's Notice of Motion and Brief. . .

L.Civ.R. 7.1(i).  L. Civ. R. 7.1(i).  Prior to reaching the merits of a motion for reconsideration, the court must determine whether the arguments are appropriately raised under the Local Rule. Holten v. Chevron, U.S.A., No. 00-4703, 2002 U.S. Dist. LEXIS 10151, *4 (D.N.J. May 20, 2002).  "The motion may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue."  Id. (citing Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989)).  Relief by way of motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly."  Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); Sagaral v. Mountainside Hosp., No. 99-2785, 2001 U.S. Dist. LEXIS 6872, *3 (D.N.J. Mar. 27, 2001); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion."  Bowers v. N.C.A.A., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998).  The motion may not be used to re-litigate old matters or argue new matters that

could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indus., 935 F. Supp. at 516.  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

With this legal framework in mind, the Court will now consider Defendant's motion for reconsideration.

**B.    Entitlement to Reconsideration**

The Court must first determine whether Defendant's arguments are properly raised under Local Civil Rule 7.1(i), thus permitting this Court to reach the merits of the motion for reconsideration.

Because Defendant has failed to set forth any matters of fact or questions of law which were presented to, but not considered by this Court, her request for reconsideration is denied. See, e.g., Holten, 2002 U.S. Dist. LEXIS at *4.

Additionally, although Defendant points out that the Court inadvertently described the defect in Defendant's removal as procedural, rather than jurisdictional, in its November 13, 2006 Order, the Court reminds Defendant that its November 13, 2006 Order adopted Magistrate Judge Cecchi's October 12, 2006 Report and Recommendation as the Opinion of this Court.  As such, Defendant is incorrect in insinuating that this Court's "sole and exclusive ground for remand" was a "procedural defect in the Defendant's removal."  Defendant is hereby advised to consult Magistrate Judge Cecchi's October 12, 2006 Report and Recommendation for this Court's full

legal analysis and basis for remand.

              An appropriate Order accompanies this Opinion.


                 /s/ Jose L. Linares

DATED: December 27, 2006          JOSE L. LINARES,
                           UNITED STATES DISTRICT JUDGE